**KELLY, Plaintiff-Appellant, v. SHAFER, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4429.   Decided August 24, 1950.

Bernard C. Moloney, Marion, Paul M. Ashbaugh, Columbus, for plaintiff-appellant.

Robert Dow Hamilton, Columbus, for defendants-appellees.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court dismissing plaintiff's petition.

The cause was tried upon issues drawn by the amended petition, answer and reply. By the journal entry it appears that the trial judge found that there was a partnership existing between the plaintiff's decedent, Clem T. Kelly, and the defendant, Richard H. Shafer, in which Mr. Kelly "had a one-eighth contractual and equitable interest in the capital assets of said business which interest as of January 10, 1935, was worth $15,562.50 and that on said Date Mr. Kelly had an equity in a cash balance and bills receivable amounting to between $10,000.00 and $20,000.00 and that on December 31, 1935, plaintiff's decedent released to the defendant, Richard H. Shafer, all rights and interest held by him in the partnership including any equitable interest he had in the plants in question as well as any and all capital assets of the firm."

Preliminary to the formal order Judge Randall rendered a written opinion discussing the facts fully and setting forth the law upon which he resolved the issues in favor of the defendant. Although this appeal is on questions of law and fact and must be determined in this Court originally, we have reached the same conclusion as Judge Randall upon the two dispositive questions, viz.: whether Mr. Kelly was a partner with Mr. Shafer in the business of the Ohio Road Improvement Company and, if so, did Mr. Kelly by the written instrument of December 31, 1935, which he signed, release any and all of his interest of any kind and character in the partnership.

It would serve no good purpose to state the same facts as set forth in the opinion in the Common Pleas Court and reach the same conclusion in substantially the same language as in that opinion. We, therefore, adopt it as the opinion in this case.

The technical aspects of the partnership become immaterial in view of the release. This release was for valuable considerations sufficient to support it, was comprehensive and accomplished a full transfer of any interest that Mr. Kelly had in the T-60 operations between him and Mr. Shafer whether in the form of ownership of assets of the partnership or profits or benefits therefrom.

The judgment in this Court will be the same as in the Common Pleas Court.

MILLER, PJ, WISEMAN, J, concur